# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD AUSMUS, <br> # B02457, <br> <br> Plaintiff, <br> <br> vs. <br> <br> WEXFORD HEALTH SERVICES INC., <br> DR. SHAW, <br> DR. AHMED, <br> HCU ADMINISTRATOR, <br> MS. CUNNINGHAM, <br> DIRECTOR JOHN BALDWIN, <br> WARDEN LAMB, <br> ASST. WARDEN GOINS, <br> DR. BROOKHART, <br> WARDEN KINK, <br> MR. HAWKINS, <br> T. KITTLE, <br> JOHN/JANE DOE 1, and <br> JOHN/JANE DOE 2, <br> <br> Defendants. | Case No. 18-cv-1497-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Richard Ausmus, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims various officials violated the Eighth Amendment by exposing him to a cellmate with a Methicillin-Resistant Staphylococcus Aureus ("MRSA") skin infection, failing to properly treat his MRSA infections and/or infected spider bites, and failing to spray his cell for spiders. Plaintiff seeks monetary damages and injunctive relief.

1

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court must dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

On or about August 19, 2017, while incarcerated at Lawrence, Plaintiff suffered from multiple wounds to his lower right leg. (Doc. 1, pp. 3-4, 9). Tests eventually revealed that the wounds were infected with MRSA. *Id.* The Complaint suggests two possible origins for Plaintiff's MRSA infections: (1) Plaintiff suffered from several spider bites on August 19, 2017, and the spider bites became infected with MRSA, and/or (2) Plaintiff contracted MRSA from his cellmate. (Doc. 1, pp. 3-4, 9). Plaintiff claims that officials violated his Eighth Amendment rights by failing to address a known spider infestation in his cell, knowingly exposing him to a cellmate with MRSA, and/or in the provision of medical care for his leg wounds. (Doc. 1, pp. 3-4).

The Court will discuss Plaintiff's allegations in further detail, as necessary, in analyzing Plaintiff's claims below.

## Dismissal of Certain Defendants

The following defendants shall be dismissed without prejudice because Plaintiff did not reference them in the statement of claim and did not associate them with a specific act of wrongdoing:

- Wexford Health Services Inc.
- HCU Administrator
- Ms. Cunningham,
- Assistant Warden Goins
- Assistant Warden Dr. Brookhart
- Warden Kink
- John/Jane Doe (Wexford Official)

*See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). IDOC Director Baldwin also shall be dismissed without prejudice because the claims directed against him (Doc. 1, p. 5) are premised on *respondeat superior* liability, and because he is not associated with any specific act of wrongdoing. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Finally, for the reasons stated below, Plaintiff has failed to state a claim upon which relief may be granted as to Warden Lamb, Mr. Hawkins, T. Kittle, and John/Jane Doe (Housing Unit Security Staff). Accordingly, these defendants also shall be dismissed from the Complaint without prejudice.

## **Merits Review Under Section 1915(A)**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any claims not addressed in this Order should be considered dismissed without prejudice from this action.

**Count 1:** Eighth Amendment claim against Dr. Shaw for knowingly exposing Plaintiff to a cellmate with a MRSA skin infection.

**Count 2:** Eighth Amendment claim against Dr. Ahmed for using a scalpel to scrape and drain Plaintiff's leg wounds, without administering anything for the pain, on August 22, 2017 and September 4, 2017.

**Count 3:** Claim against Warden Lamb for denying Plaintiff's August 22, 2018 emergency grievance seeking treatment at an outside facility.

**Count 4:** Claim against Counselor Kittle for taking four months to respond to Plaintiff's grievances concerning MRSA and spider bites.

**Count 5:** Eighth Amendment claim against Defendants for failing to spray Plaintiff's cell for spiders, in response to grievances and/or request slips filed between August 22, 2017 and September 10, 2017.

**Count 1[1]**

According to the Complaint, on August 4, 2017, Plaintiff's cellmate, Christopher Miller, was treated for an infection on his knee. (Doc. 1, p. 3). Plaintiff claims that on August 5, 2017, Dr. Shaw received test results confirming that Miller was suffering from a MRSA skin infection. *Id.* The test results expressly stated that Miller should be isolated from other inmates. *Id.* Nonetheless, Miller was returned to the cell that he shared with Plaintiff, and neither inmate was warned about Miller's infectious disease. *Id.*

On August 22, 2017, Plaintiff was treated at the Lawrence healthcare unit for several festering wounds on his lower right leg. (Doc. 1, pp. 3, 9). On August 25, 2017, Plaintiff's wounds required emergency treatment at an outside medical facility. (Doc. 1, p. 3). On August 30, 2017, test results revealed that Plaintiff had contracted MRSA, in multiple locations, on his lower right leg. *Id.* These allegations are sufficient to allow Count 1 to proceed as to Dr. Shaw. *See Helling v. McKinney,* 509 U.S. 25, 33 (1993) (exposing inmates "to a serious, communicable disease" constitutes a substantial risk of harm for Eighth Amendment purposes). Accordingly, Count 1 shall receive further review as to Dr. Shaw.

**Count 2**

On August 19, 2017, Plaintiff suffered from several apparent spider bites on his lower right leg. (Doc. 1, pp. 3, 9). By August 22, 2017, Plaintiff's leg was swollen, and puss was

---

[1] Plaintiff generically alleges that "defendants" violated his Eighth Amendment rights by exposing him to a cellmate with a known MRSA infection. (Doc. 1, p. 3). But vague references to a group of "defendants," without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not state a claim. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). With respect to Count 1, the only individual whose personal involvement in the alleged wrongdoing is described in the Complaint is Dr. Shaw. Accordingly, the Court has interpreted Count 1 as being directed against Dr. Shaw. To the extent that Plaintiff intended to bring this claim against other officials at Lawrence, it should be considered dismissed without prejudice. Plaintiff also attempts to bring deliberate indifference claims on behalf of other inmates who were exposed to and contracted MRSA. (Doc. 1, pp. 3-4). But Plaintiff lacks standing to bring claims alleging mistreatment of other inmates. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

oozing from the wounds. *Id.* Plaintiff went to the Lawrence healthcare unit, and Dr. Ahmed treated him. *Id.* Dr. Ahmed used a scalpel to cut and scrape the wounds. *Id.* The procedure was extremely painful because Dr. Ahmed did not administer any numbing agents or offer anything to treat Plaintiff's pain. (Doc. 1, pp. 3-4). Antibiotics were also prescribed. (Doc. 1, p. 3). Dr. Ahmed performed a similar and equally painful procedure on September 4, 2017 (telling Plaintiff he was attempting to remove the "core" of the infection). (Doc. 1, pp. 3-4).

With respect to Count 2, Plaintiff does not appear to be claiming that Dr. Ahmed failed to treat his infection—Plaintiff apparently received treatment when Dr. Ahmed prescribed antibiotics and attempted to clean the wounds. Rather, Plaintiff seems to be challenging the manner in which Dr. Shaw treated him. The Seventh Circuit discussed this distinction in *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996), where a prisoner challenged a doctor's removal of his toenail without anesthesia. In that case, the Court of Appeals determined that the doctor's refusal to give anesthetic was part of the overall procedure of removing the toenail, not a separate claim. *Id.* In other words, the prisoner's desire for a local anesthetic was not a separable medical need under the Eighth Amendment. *Id.* The *Snipes* court also stated, however, that "[o]bviously major surgery cannot be performed without appropriate anesthetic." *Id.*

Here, although it is not clear that Dr. Shaw performed "major surgery" on the plaintiff, the procedure that he did perform was arguably more invasive than removing a toenail. While the Court might characterize both procedures as painful, cutting into the skin with a scalpel to scrape and clean multiple infected wounds (attempting to remove the "core" of the infection) distinguishes the facts of this case from *Snipes*.[2] Accordingly, the Court will, at this early stage, allow Plaintiff to proceed on an Eighth Amendment claim based on his allegation that Dr. Shaw

---

[2] Additionally, *Snipes* was decided at the summary judgment stage.

performed the described procedure without medicine to dull the pain. *See Walker v. Benjamin*, 293 F.3d 1030, 1039–40 (7th Cir. 2002).

**Count 3**

Plaintiff submitted an emergency grievance on August 22, 2017, seeking treatment at an outside hospital. (Doc. 1, pp. 3, 9). According to Plaintiff, Warden Lamb denied the grievance, and on August 25, 2017, Plaintiff was taken to an outside hospital for emergency treatment. (Doc. 1, p. 3). The Complaint suggests that Warden Lamb is liable for denying the grievance. Section 1983 liability, however, is predicated on fault. To be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir.2001) ). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007); *See also, Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006). Further, there is no indication that Warden Lamb "turned a blind eye" to an underlying constitutional violation, subjecting him to liability under the standard articulated in *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015). Accordingly, Count 3 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 4**

Plaintiff claims that Kittle, a grievance counselor, is subject to liability for taking four months to respond to four of Plaintiff's grievances. (Doc. 1, p. 4). Generally, the denial or mishandling of a grievance—standing alone—is not enough to violate the United States Constitution. *See, e.g., Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct

forming the basis of the grievance."). An official may be subject to liability for deliberate indifference, however, if he or she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996). Here, the Complaint does not include allegations suggesting deliberate indifference on the part of Kittle. According to the Complaint, Plaintiff was bitten by a spider and/or contracted MRSA on August 19, 2017. (Doc. 1, pp. 3, 9). The earliest grievance attached to the Complaint is dated August 22, 2017. Thus, as presently alleged, there is no indication that Kittle was aware of a substantial risk to Plaintiff's health *before* he was injured. Accordingly, Count 4 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 5**

Count 5 fails for several reasons and shall be dismissed without prejudice. Many of the allegations pertaining to Count 5 are directed against generic groups of individuals (*e.g.*, defendants, the maintenance department, housing unit staff, and the Administrative Review Board). (Doc. 1, p. 4). These allegations are "fatally overbroad" and are insufficient to allege personal involvement as to any particular defendant. *See Alejo v. Heller,* 328 F.3d 930, 936 (7th Cir. 2003). To the extent that Plaintiff has identified a particular defendant with respect to Count 5 (*e.g.*, the handling of grievances by Warden Lamb and Engineer Hawkins) (Doc. 1, pp. 4-5), the allegations do not establish deliberate indifference. The grievances Plaintiff describes were submitted *after* he was allegedly bitten by a spider. Plaintiff does not allege, and the grievances do not demonstrate, that any of the defendants were aware of a spider infestation in Plaintiff's cell *before* the alleged injury on August 19, 2017. Additionally, there is no indication that the alleged wrongdoing (failure to spray Plaintiff's cell in response to his complaints about a spider

bite) resulted in *Plaintiff* receiving subsequent spider bites.[3] Absent such an allegation, Plaintiff has not stated a plausible Section 1983 claim. *See Babcock v. White*, 102 F.3d 267, 271 (7th Cir. 1996) (plaintiff must suffer cognizable legal harm caused by defendant's breach of duty owed to plaintiff).

## Motion for Recruitment of Counsel

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[4] Plaintiff discloses two unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he has no legal education and a limited knowledge of the law. He also expresses concern about his ability to handle discovery and depositions without counsel. Nonetheless, the Court finds that Plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

## Interim Relief

Plaintiff did not file a motion for a temporary restraining order ("TRO") or preliminary injunction with his Complaint. In his request for relief, however, he asks for "immediate" injunctive relief directing officials to spray individual cells at Lawrence for spiders and to isolate all inmates suffering from MRSA infections. (Doc. 1, p. 5). To obtain interim relief, whether

---

[3] Plaintiff does allege that because of "defendants" deliberate indifference and failure to spray his cell, his cellmate suffered from a spider bite on August 30, 2017. (Doc. 1, p. 4). But Plaintiff lacks standing to bring a claim on behalf of his cellmate. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). The same is true regarding his allegations pertaining to other inmates suffering from spider bites. (Doc. 1, p. 4).

[4] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

through a TRO or preliminary injunction under Rule 65(a) or (b) of the Federal Rules of Civil Procedure, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citing *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)). Here, there are no allegations suggesting that Plaintiff would suffer irreparable harm if an injunction is not granted at this time. The alleged spider bites and/or MRSA infection occurred approximately one year ago. Plaintiff does not allege that he is currently in need of medical attention. Further, the Complaint does not indicate that Plaintiff is presently housed in a cell with a spider infestation or at risk of contracting MRSA from a cellmate with an active skin infection. Under the circumstances, his request for immediate injunctive relief is **DENIED** without prejudice. Plaintiff may renew his request by filing a motion pursuant to Rule 65 at any time he deems it necessary to do so during the pending action.

## Disposition

IT IS HEREBY ORDERED that **COUNT 1** shall receive further review as to **SHAW.**

IT IS FURTHER ORDERED that **COUNT 2** shall receive further review as to **AHMED.**

IT IS FURTHER ORDERED that **COUNTS 3, 4,** and **5** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate **WEXFORD, HCU ADMINISTRATOR, CUNNINGHAM, GOINS, BROOKHART, LAMB, BALDWIN, JOHN/JANE DOE** (Wexford Official), **JOHN/JANE DOE** (Housing Unit Security Staff), **KITTLE,** and **HAWKINS** as parties in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

Although the Complaint fails to state a claim as to **KINK** (the current Warden of Lawrence)**,** he shall remain on the docket (official capacity only) for the purpose of carrying out any injunctive relief that might be granted.

**IT IS FURTHER ORDERED** that, with respect to **COUNTS 1 and 2**, the Clerk of Court shall prepare for **SHAW, AHMED,** and **KINK** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 21, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**